**AMERICAN SAMOA, Plaintiff**

**v.**

**IOSE of Malaeloa, Defendant**

No. 10A-1939

High Court of American Samoa

Criminal Jurisdiction, Appellate Division

August 7, 1939

A. A. MORROW, *Chief Justice;* LIUFAU, *District Judge;* and MALEPEAI, *District Judge.*

**MORROW,** *Chief Justice.*

Iose was convicted in District Court No. 4 of the larceny of some bananas from the plantation of Taulua and has appealed. He testified in his own behalf at the trial. In the course of his testimony Iose admitted that he took the bananas from Taulua's plantation as charged. It appears from the record that both Taulua and Iose, at least prior to the time that Iose went to Lepapa to live, which was before the alleged theft, were under the mataiship of Tuiagamoa, and that Taulua's plantation was on the matai lands of said Tuiagamoa. Whether Iose remained a member of Tuiagamoa's family after his removal to Lepapa is questionable from the evidence. However, we shall assume in disposing of this appeal that he did. This assumption can do no injury to appellant Iose since it is very clear that if upon his removal to Lepapa he ceased to be a member of Tuiagamoa's family he would have no right to take the bananas from Taulua's plantation without Taulua's prior consent. The question then is, assuming that Iose and Taulua were both members of the Tuiagamoa family, did Iose have the right to take bananas from Taulua's plantation on the matai land of the Tuiagamoa family without the prior consent of Taulua? There was no pretense of such prior consent.

It has been decided that the matai does not own the family lands absolutely, but that he holds them as a sort of trustee for the benefit of the family. *Satele v. Faga,* No. 6-1938. The Samoan custom is for a member of the family to plant his plantations on the matai land of his family either at the direction of or with the consent of his matai. Under such custom it is the duty of a member of the family planting such plantation to render service to the matai; and if called upon by the matai for some fruits of the land, to furnish the same to him. However, under the Samoan

custom, it is not the right of one member of the family to take the fruits from a plantation of another member of the family on family lands. The plantation and the fruits thereof are the property of the man putting in the plantation subject to the duty of service to the matai. Consequently another member of the family has no right according to the Samoan custom to the fruits of such plantation. This court judicially knows of the existence among the Samoan people of the customs just alluded to. Section 3(2) of the Codification provides that "The customs of the Samoans, not in conflict with the laws of the United States concerning American Samoa, shall be preserved, unless otherwise requested by representatives of the people." The customs referred to are not in conflict with any law of the United States concerning American Samoa, nor have they been annulled by statutory enactment. Consequently they are still in force in American Samoa.

██ The record shows that Iose apologized to Taulua for taking the bananas. Iose's own testimony confirms this statement as well as the testimony of Nemaia. The very fact that Iose apologized is an implied admission on his part that he was conscious of wrongdoing when he took the bananas. Since it is clear that under Samoan customs Iose had no right to take the bananas for his own use without Taulua's consent, it follows from the record that the conviction was warranted.

High Court costs in the sum of $10.00 are hereby assessed against Iose, the same to be paid within 30 days. The judgment of the District Court is affirmed.